# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 05-4084

————————

United States of America,

        Appellee,

v.

Clint C. Morgan,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Missouri.
\*
\*  [UNPUBLISHED]
\*

————————

Submitted: October 31, 2006
Filed:  November 3, 2006

————————

Before MURPHY, BYE, and MELLOY, Circuit Judges.

————————

PER CURIAM.

Clint Morgan appeals the 180-month prison sentence the district court[1] imposed after he pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  On appeal, Morgan argues that a sentence enhancement under 18 U.S.C. § 924(e) had to be alleged in the indictment.

Morgan correctly notes that <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1994), disposes of his argument.  <u>See</u> <u>United States v. Levering</u>, 431 F.3d 289, 295

————————

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

(8th Cir. 2005) (noting holding in Almendarez-Torres that prior felony convictions are sentencing factors for court, not fact for jury, and thus district court did not violate the Sixth Amendment by making findings regarding prior felony convictions for purposes of § 924(e)(2)); cf. United States v. Raya-Ramirez, 244 F.3d 976, 977 (8th Cir. 2001) (rejecting argument that fact of prior aggravated-felony conviction must be alleged in indictment and proved to jury or admitted through guilty plea; citing Almendarez-Torres). Further, this court has rejected the argument that current law has called the holding of Almendarez-Torres into question. See Levering, 431 F.3d at 295 (Almendarez-Torres is still good law and this court will continue to follow it until Supreme Court instructs otherwise); see also United States v. Kendrick, 423 F.3d 803, 810 (8th Cir. 2005) (this court has "consistently rejected the applicability of Booker[2] to the fact of a prior conviction . . . and to the legal determination of whether a prior conviction may be categorized as a crime of violence"; sentencing court has authority to take notice of defendant's criminal history and determine whether any prior conviction is properly categorized as crime of violence).

Accordingly, we affirm.

_____

[2]United States v. Booker, 543 U.S. 220 (2005).